IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NASHWA ABDULSALAM,<br><br>Plaintiff,<br><br>v.<br><br>THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA and THE UNIVERSITY OF NEBRASKA MEDICAL CENTER.<br><br>Defendants. | CASE NO. CI<br><br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Nashwa Abdulsalam, plaintiff, and for her Complaint against the defendants, states and alleges as follows:

1. This is an action seeking redress for the violations of constitutionally and statutorily rights guaranteed to plaintiff pursuant to the Title IX of the Education Amendments of 1972 (Title IX). Title IX is a federal law requiring that any educational institution such as the defendants receiving federal funds must be free of sex discrimination.

2. At all times relevant, the University of Nebraska was and is a land grant institution of higher education operating within the State of Nebraska and is a public employer. At all times the Board of Regents of the University of Nebraska is a governing body of the University of Nebraska system which includes the University of Nebraska Medical Center, a public state college located in Omaha, Nebraska. The University of Nebraska Medical Center's principal place of business is in Omaha, Nebraska.

3. Dr. Chandrakanth Are, at all times relevant, was the Associate Dean of Graduate Medical Education, the Designated Institutional Official.

4. At all times relevant, Dr. Debra Romberger was the Chair of Medicine at the University of Nebraska Medical Center.

5. At all times relevant, Dr. Daniel Anderson was the Chief of Cardiology at the University of Nebraska Medical Center during the occurrence of the retaliatory behavior against the Plaintiff.

6. At all times relevant, Dr. Poonam Velagapudi was hired and appointed as the Associate Program Director of the fellowship program in which the plaintiff was enrolled at the University of Nebraska Medical Center during the occurrence of the retaliatory behavior against the plaintiff.

7. The plaintiff, Nashwa Abdulsalam, is a female and a graduate of the University of Nebraska Medical Center and resided in the State of Nebraska while she was enrolled at the University of Nebraska Medical Center. The plaintiff began her three-year cardiology fellowship program with the defendant in July 2017.

8. Subject matter and jurisdiction are based on 28 U.S.C. §1331 which grants district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. Further, the court also has subject matter jurisdiction pursuant to 28 U.S.C. §1343 which gives district courts original jurisdiction over any civil action authorized by law to be brought by any person or redress a deprivation under color of any state law, statute, ordinance, regulation, custom usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights for citizens or all persons within the jurisdiction of the United

2

States and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

9.  The plaintiff's claims are cognizable under the United States Constitution, 42 U.S.C. §1681 et. seq. and Title IX.

10. Title IX is a federal law requiring that any educational institution, including the University of Nebraska College of Medicine, which receives federal funds must be free of sex discrimination.

11. The events giving rise to this lawsuit occurred in the city of Omaha, Douglas County, Nebraska which sits in the federal district of Nebraska.

12. Venue is proper in the United States District Court for the District of Nebraska pursuant to 28 U.S.C. §1391(b)(2) and this is the judicial district in which the events giving rise to the claims occurred.

13. All the discriminatory and retaliatory acts alleged herein occurred in the State of Nebraska. The discriminatory and retaliatory conduct was a continuing violation of the statutes and constitutional provisions noted herein.

14. Title IX of the Education Amendments of 1972 (Title IX), 20 U.S.C. §1681(a) et. seq. states that:

> "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . .".

15. Title IX is implemented through the Code of Federal Regulations, see 34 C.F.R. Part 106:

3

> ". . . the recipient shall adopt and publish grievance procedures providing for prompt and equitable resolution of student and employee complaints alleging any action which would be prohibited by this part".

16. The defendants, and each of them, had a duty to the plaintiff to comply with the federal laws and the Constitution provisions set forth above.

17. Starting August 2017 plaintiff was verbally harassed by one of her cofellows. The same cofellow sexually harassed plaintiff in January 2018. Plaintiff reported the harassment in January 2018 and the retaliatory behavior from others started and continued until plaintiff completed her fellowship in June 2020. The harassment by fellow male students was so severe, pervasive, and objectively offensive that it effectively deprived her of access to educational benefits or opportunities provided by the defendant.

18. The defendant had actual knowledge of this harassment as the plaintiff reported said harassment to an appropriate person, that is, an official with the University of Nebraska Medical Center with the power to take action to correct the discrimination.

19. This harassment was both verbal and physical. The plaintiff reported this harassment to appropriate persons at the fellowship program and the Title IX office at the medical center.

20. Further, on or about June 28, 2018, the plaintiff reported to appropriate persons that her environment at the University of Nebraska Medical Center was "very toxic". She was frustrated and anxious as a result.

21. The toxic environment continued, and the Title IX investigation only resulted in retaliatory conduct towards the plaintiff. As a proximate result of reporting the sex

harassment to the Title IX office, the plaintiff was retaliated against, and the harassment did not stop but continued.

22. The Accreditation Counsel for Graduate and Medical Education (ACGME) makes sure that programs, in partnership with their Sponsoring Institutions, provides a professional, equitable, respectful, and civil environment that is free from discrimination, sexual and other forms of harassment, mistreatment, abuse or coercion of students, fellows, faculty and staff. The University of Nebraska Medical Center has a graduate medical education department that is under the umbrella of ACGME.

23. Dr. Chandrakanth Are was the Associate Dean of Graduate Medical Education and was the Designated Institutional Official. The plaintiff reported to Dr. Are the toxic environment and the retaliatory behavior of her co-fellows. Dr. Are failed to take any action and instead informed the plaintiff that "life is unfair".

24. After the inaction by Dr. Are, the plaintiff reached out to ACGME directly and as a result, Dr. Are was required to investigate the plaintiff's complaints but concluded there were no issues with the program. The plaintiff was not contacted as part of the investigation and was never given an opportunity to explain and describe the toxic environment or when and how it occurred.

25. Dr. Debra Romberger was the Chair of Medicine. The plaintiff also reached out to Dr. Romberger regarding the sexual harassment and the retaliatory conduct after human resources had been contacted by the plaintiff. Dr. Romberger took no action to stop the ongoing harassment and retaliatory conduct directed to the plaintiff.

26. Dr. Daniel Anderson was the Chief of Cardiology. Dr. Anderson was also contacted by the plaintiff about the harassment and retaliatory conduct of her fellow trainees which occurred after she had reported sex harassment by another trainee. Dr. Anderson took no action to protect the plaintiff or to resolve the issues raised by the plaintiff.

27. Dr. Poonman Velagapudi was the Associate Program Director of the Cardiology Program at the University of Nebraska Medical Center. As part of the Program Directorship Committee, she, along with the other defendants, had a duty to take appropriate action to end the toxic environment so that the plaintiff would not be subjected to retaliatory conduct and/or sex harassment.

28. On or about June 28, 2018, plaintiff again reported to appropriate persons at the University of Nebraska Medical Center that her environment was "very toxic", she was frustrated and anxious as a result.

29. The toxic environment continued as no action was taken by any of the defendants to cease the retaliatory conduct. The toxic environment continued as the Title IX investigation resulted in a worsened environment for the plaintiff, depriving her of the benefits of the educational programs offered to her by the University of Nebraska Medical Center.

30. On or about February 28, 2019, the plaintiff reported to Daniel Anderson her concerns about the work environment in the fellowship program. Plaintiff reported that while she had been verbally and physically harassed by one fellow student beginning in January 2018 which resulted in her reporting the harassment to the Title IX office, the

6

environment had gotten worse for her and now more than one student was harassing her in retaliation for her reporting to the Title IX office. This harassment was based upon her sex and/or her reporting of sex harassment to appropriate officials with the defendant.

31.     On or about October 10, 2019, the plaintiff reported to Daniel Anderson that the harassment was ongoing.

32.     On or about November 18, 2019, the plaintiff again reported ongoing harassment by fellow male students to Daniel Anderson, but no action was taken by any of the defendants or its employees, officers and/or agents to end the harassment.

33.     On or about February 5, 2020, plaintiff reported to Daniel Anderson that the hostile environment was continuing and worsening. She specifically reported a co-worker whose conduct was creating the toxic work environment. The plaintiff reported that this person told her that "men should be aware of women who file false sexual harassment allegations and not stay with them in a room with a closed door as this protects men from having lies said about them." Again, no action was taken to protect the plaintiff.

34.     Despite the plaintiff having reported sex discrimination and/or sex harassment and/or retaliation to Dr. Debra Romberger, the Chair of Medicine, Dr. James Linder, the CEO of UNMC as well as to the ACGME, the harassment worsened because the plaintiff was retaliated by other fellows in the program.

35.     The plaintiff had reported the employees, officers, agents to the defendants and the employees, officers, and agents of the defendant Board of Regents how the Title IX office had not handled her claim appropriately and resulted in retaliation.

36.     The plaintiff completed her fellowship on or about June 30, 2020.

37. At all times, the defendant was deliberately indifferent to the ongoing harassment and toxic environment. The lack of response was unreasonable considering all the known circumstances.

38. The defendants had actual knowledge of this harassment and retaliatory conduct as the plaintiff reported said harassment and retaliatory conduct to appropriate persons, that is, an official with the University of Nebraska Medical Center with the power to take action to correct the discrimination.

39. At all times, the defendants were deliberately indifferent to the ongoing harassment and toxic environment suffered by the plaintiff. The lack of response was unreasonable considering all the known circumstances.

40. At all times, the defendants had actual knowledge of the harassment, bullying and toxic work culture suffered by the plaintiff as a result of her reporting sex harassment.

41. The plaintiff has suffered ongoing damages including, but not limited to, humiliation, mental anguish, suffering, anxiety, and inconvenience, past, present, and future, all to her damage.

42. The actions of the defendants Board of Regents of the University of Nebraska and the University of Nebraska Medical Center caused the plaintiff to be denied on the basis of her sex from participation in, and/or be denied the benefits of, and/or be subjected to discrimination in violation of Title IX all to her damage.

WHEREFORE, plaintiff requests judgment against the defendants for compensatory damages which will fairly and justly compensate her for her damages together with costs of this action including reasonable attorney's fees and costs.

NASHWA ABDULSALAM, Plaintiff

*s/ Vincent M. Powers*
Vincent M. Powers #15866
POWERS LAW
411 South 13th Street, Suite 300
PO Box 84936
Lincoln, NE. 68501-4936
402/474-8000
powerslaw@me.com

REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial to be held in Lincoln, Lancaster County, Nebraska.

*s/ Vincent M. Powers*

9