IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| NASHWA ABDULSALAM,<br><br>                Plaintiff,<br><br>vs.<br><br>THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and THE UNIVERSITY OF NEBRASKA MEDICAL CENTER,<br><br>                Defendants. | **CASE NO. 4:22-CV-03004**<br><br>**ANSWER TO COMPLAINT** |

COME NOW Defendants the Board of Regents of the University of Nebraska ("BRUN") and the University of Nebraska Medical Center ("UNMC"), collectively referred to as "Defendants," and for their Answer to Plaintiff's Complaint (the "Complaint"), admit, deny and allege as follows:

1.   In response to Paragraph 1 of Plaintiff's Complaint, Defendants admit that this is an action in which Plaintiff purports to seek redress under Title IX, but Defendants deny there is any proper factual or legal basis for such claims in this case, that Defendants violated Title IX, or that Plaintiff is entitled to relief. Defendants deny the remaining allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.   Defendants admit Paragraph 2 of Plaintiff's Complaint.

3.   In response to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Dr. Chandrakanth Are ("Dr. Are") was the Associate Dean of Graduate Medical Education at UNMC during the relevant period of 2017 through 2020. Defendants deny the remaining allegations contained in Paragraph 3 of Plaintiff's Complaint.

4.   In response to Paragraph 4 of Plaintiff's Complaint, Defendants admit that Dr. Debra Romberger ("Dr. Romberger") was a Professor and Chair of the Department of Internal Medicine at UNMC during the relevant period from 2017 through 2020.  Defendants deny the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. In response to Paragraph 5 of Plaintiff's Complaint, Defendants admit that Dr. Daniel Anderson ("Dr. Anderson") has been the Associate Professor at UNMC since July of 2013. Defendants further admit that Dr. Anderson was the Interim Chief of Cardiovascular Medicine from August of 2018 through September of 2019 and has been the Chief of Cardiovascular Medicine since September of 2019. Defendants deny the remaining allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6. In response to Paragraph 6 of Plaintiff's Complaint, Defendants admit that Dr. Poonam Velagapudi has been the Assistant Professor at UNMC since September of 2018 and the Associate Program Director of the Cardiovascular Medicine Fellowship since 2019. Defendants deny the remaining allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. In response to Paragraph 7 of Plaintiff's Complaint, Defendants admit and allege that from July 1, 2017 through June 30, 2020, Plaintiff (female) was a fellow in cardiology at UNMC. Defendants deny the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. In response to Paragraph 8 of the Complaint, Defendants admit that this Court has subject matter jurisdiction over Plaintiff's Title IX claim under 28 U.S.C. § 1331 against Defendant BRUN. Defendants further allege that this Court does not have subject matter jurisdiction over Plaintiff's Title IX claim against UNMC because UNMC lacks the capacity to be sued under Nebraska Law. Defendants further deny that there is any proper factual or legal basis for Plaintiff's claims in this case and reasserts and does not waive the affirmative defenses set forth herein asserting lack of jurisdiction and standing. Defendants deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. In response to Paragraph 9 of the Complaint, Defendants admit that this is an action in which Plaintiff purports to seek redress under Title IX, but Defendants deny there is any proper factual or legal basis for such claims in this case, that Defendants

violated Title IX, or that Plaintiff is entitled to relief. Defendants deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. In response to Paragraph 10 of the Complaint, Defendants admit and allege that 20 U.S.C. § 1681(a) prohibits discrimination on the basis of sex, except for enumerated instances. Defendants deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. In response to Paragraph 11 of the Complaint, Defendants are without sufficient information or knowledge to admit or deny the allegations of Paragraph 11 of Plaintiff's Complaint, and therefore deny the same.

12. Defendants admit Paragraph 12 of the Complaint.

13. Defendants deny Paragraph 13 of the Complaint.

14. Defendants admit Paragraph 14 of the Complaint.

15. In response to Paragraph 15 of the Complaint, Defendants admit that 34 C.F.R. § 106.8(c) provides that "A recipient must adopt and publish grievance procedures that provide for the prompt and equitable resolution of student and employee complaints alleging any action that would be prohibited by this part and a grievance process that complies with § 106.45 for formal complaints as defined in § 106.30." Defendants deny the remaining allegations contained in Paragraph 15 of the Complaint.

16. In response to Paragraph 16 of the Complaint, Defendants admit that Title IX applies to institutions that receive federal assistance. Defendants deny the remaining allegations contained therein.

17. Defendants deny Paragraph 17 of the Complaint.

18. Defendants deny Paragraph 18 of the Complaint.

19. Defendants deny Paragraph 19 of the Complaint.

20. Defendants deny Paragraph 20 of the Complaint.

21. Defendants deny Paragraph 21 of the Complaint.

22. In response to Paragraph 22 of the Complaint, Defendants are without sufficient information or knowledge to either admit or deny the allegations of Paragraph 22 of Plaintiff's Complaint, and therefore deny the same.

23. In response to Paragraph 23 of the Complaint, Defendants admit that Dr. Are has been the Associate Dean for Graduate Medical Education from 2017 to present. Defendants deny the remaining allegations contained in Paragraph 23 of the Complaint.

24. Defendants deny Paragraph 24 of the Complaint.

25. In response to Paragraph 25 of the Complaint, Defendants admit that Dr. Romberger was the Chair of Internal Medicine at UNMC during the relevant period from 2017 through 2020. Defendants deny the remaining allegations contained in Paragraph 25 of the Complaint.

26. In response to Paragraph 26 of the Complaint, Defendants admit that Dr. Anderson was the Interim Chief of Cardiovascular Medicine at UNMC from August of 2018 until September of 2019 and Chief of Cardiovascular Medicine from September of 2019 through current. Defendants deny the remaining allegations contained in Paragraph 26 of the Complaint.

27. In response to Paragraph 27 of the Complaint, Defendants admit that Dr. Velagapundi has been the Associate Program Director of the Cardiology Program at UNMC since 2019. Defendants deny the remaining allegations contained in Paragraph 27 of the Complaint.

28. Defendants deny Paragraph 28 of the Complaint.

29. Defendants deny Paragraph 29 of the Complaint.

30. In response to Paragraph 30 of the Complaint, Defendants are without sufficient information or knowledge to either admit or deny the allegations of Paragraph 30 of Plaintiff's Complaint, and therefore deny the same.

31. In response to Paragraph 31 of the Complaint, Defendants are without sufficient information or knowledge to either admit or deny the allegations of Paragraph 31 of Plaintiff's Complaint, and therefore deny the same.

32. In response to Paragraph 32 of the Complaint, Defendants are without sufficient information or knowledge to either admit or deny the allegations of Paragraph 32 of Plaintiff's Complaint, and therefore deny the same.

33. In response to Paragraph 33 of the Complaint, Defendants are without sufficient information or knowledge to either admit or deny the allegations of Paragraph 33 of Plaintiff's Complaint, and therefore deny the same.

34. Defendants deny Paragraph 34 of the Complaint.

35. Defendants deny Paragraph 35 of the Complaint.

36. Defendants admit Paragraph 36 of the Complaint.

37. Defendants deny Paragraph 37 of the Complaint.

38. Defendants deny Paragraph 38 of the Complaint.

39. Defendants deny Paragraph 39 of the Complaint.

40. Defendants deny Paragraph 40 of the Complaint.

41. Defendants deny Paragraph 41 of the Complaint.

42. Defendants deny Paragraph 42 of the Complaint.

43. Defendants are not required to respond to Plaintiff's prayer for relief. To the extent a response is required, Defendants deny Plaintiff is entitled to any of the relief she seeks.

44. Defendants deny all allegations in Plaintiff's Complaint not specifically admitted or denied, except those which constitute an admission against Plaintiff's interest.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. Defendants affirmatively allege Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Defendants affirmatively allege that they, at all times, acted in good faith and without discriminatory motive.

### THIRD AFFIRMATIVE DEFENSE

3. Defendants affirmatively allege Plaintiff's claims fail to the extent Plaintiff has failed to utilize and/or exhaust available remedies.

### FOURTH AFFIRMATIVE DEFENSE

4. Defendants affirmatively allege that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm by not taking advantage of reporting procedures outlined in Defendants' policies.

### FIFTH AFFIRMATIVE DEFENSE

5. Defendants affirmatively allege Plaintiff's claims fail to the extent that they are barred by the doctrines of acquiescence, consent, waiver, unclean hands, laches, and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants affirmatively allege Plaintiff's claims are barred to the extent that they are untimely and/or barred by the applicable statute of limitations.

### SEVENTH AFFIRMATIVE DEFENSE

7. Defendants affirmatively allege Plaintiff has failed to exercise reasonable diligence to mitigate her alleged damages, if any, and therefore Plaintiff's claim for damages is barred in whole or in part.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Defendants affirmatively allege any awarded damages must be reduced by any third-party payments made to Plaintiff for unemployment compensation or other compensation.

**NINTH AFFIRMATIVE DEFENSE**

9. Defendants affirmatively allege Defendants did not breach any duty or obligation that may have been owed to Plaintiff.

**TENTH AFFIRMATIVE DEFENSE**

10. Defendants affirmatively allege Plaintiff lacks standing to assert a claim against Defendant UNMC because UNMC is not a proper party capable of being sued.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Defendants affirmatively allege that Plaintiff has failed to allege, and cannot show, any injury-in-fact in connection with claims.

**TWELFTH AFFIRMATIVE DEFENSE**

12. To the extent Plaintiff asserts constitutional violation, Defendants are entitled to sovereign immunity.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Defendants are entitled to sovereign immunity against a trial by jury.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants pray that the same be dismissed, in its entirety and with prejudice, at Plaintiff's costs; that Defendants be awarded its costs expended herein, including reasonable attorney's fees; and that the Court award such other and further relief as it deems just and appropriate.

Dated this 23rd day of February, 2022.

THE BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA; and THE UNIVERSITY OF NEBRASKA MEDICAL CENTER, Defendants

By: /s/ Lily Amare
Susan K. Sapp #19121
Lily Amare #25735
Cline Williams Wright
 Johnson & Oldfather, L.L.P.
1900 U.S. Bank Building
233 South 13th Street
Lincoln, NE 68508
(402) 474-6900
ssapp@clinewilliams.com
lamare@clinewilliams.com

AND

Bren H. Chambers, #23150
Associate General Counsel
University of Nebraska
3835 Holdrege Street
Lincoln, NE 68583-0745
402-472-1201
bchambers@nebraska.edu

**CERTIFICATE OF SERVICE**

I hereby certify that on February 23, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties who have entered an appearance in this case as well as electronically transmitted.

Vincent M. Powers
Powers Law
411 South 13th Street, Suite 300
P.O. Box 84936
Lincoln, NE 68501-4936
powerslaw@me.com

/s/ Lily Amare
Lily Amare

4872-8268-7499, v. 1